UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SUKHWINDER SINGH SINGH PETITIONER

V. CIVIL ACTION No. 5:26-CV-370-DCB-BWR

RAFAEL VERGARA RESPONDENT
Warden, Adams County
Correctional Center and

CHRISTOPHER BULLOCK
Immigration and Customs
Enforcement New Orleans
Field Office Director

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 8] of the United States Magistrate Judge entered herein on September 29, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended Singh's Petition [ECF No. 1] be dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated under 8 U.S.C. § 1225(b) and does not violate the Fifth Amendment's Due Process Clause. Petitioner, a native and citizen of India, represented by counsel, timely filed objections to the Report by his deadline of October 13, 2026.

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire

v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed the Petition [ECF No. 1], Singh's Objection to the Report [ECF No. 9], and the related filings. The Court observes that Singh, a native and citizen of India, was detained by U.S. Border Patrol on December 11, 2024, at the United States-Mexico border near San Ysidro, California, and processed for expedited removal. An Immigration Judge subsequently ordered Singh removed to India and noted that Petitioner had not filed any

applications for relief for removal. Singh's appeal of that decision is still pending before the Board of Immigration Appeals.[1]

Briefly and broadly stated, Petitioner's objections are as follows: (1) the Report gives statutory holding more constitutional significance than it bears, (2) the Report authorizes detention regardless of duration, (3) the Report extends admission procedure detention to a materially different challenge to prolonged physical custody, (4) the Report collapses the procedural due process claim into substantive due process, (5) the Report relies on immigration statistics and a good-faith appeal as reasons for prolonged detention, and (6) the record should be updated before dismissal. Upon consideration, the Court finds Petitioner's objections overruled.

As an initial matter, the Court finds Petitioner's first four objections merely re-urge the original arguments set forth in his Petition. See ECF No. 1 at 7-9; see also Collins, 8 F.3d at 293.

Additionally, looking to Petitioner's fifth objection, the Court finds the Magistrate Judge did not rely on immigration statistics and Petitioner's good-faith appeal as the sole basis for excusing prolonged detention, but rather used these facts to

[1] See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 9, 2026).

expatiate the premise that circumstances do not change the law this Court is bound to follow.

Lastly, as to Petitioner's final objection, the Court finds the Report states Singh's date of appeal as "November 18, 2026" rather than the correct date of November 18, 2025. See ECF No. 8 at 2; see also EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 9, 2026) (stating "a case appeal was received on November 18, 2025. It is currently pending."). But upon this Court's de novo review of the record, the Court has noted the proper date of Singh's appeal and finds this misstatement does not warrant a supplementation of the entire record prior to dismissal. Further, to the extent Petitioner is requesting a supplementation of the record, the Court finds an Objection is not the proper medium to make such a request. As such, the Court adopts the Reports findings and conclusions in full, and does so with the consideration of the proper appeal date of November 18, 2025.

Moreover, since Judge Rath entered his Report and Recommendation, the Fifth Circuit Court of Appeals has entered a decision in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). This opinion reiterated Judge Rath's conclusion: that Petitioner's detention while his removal proceedings are ongoing does not violate the

Fifth Amendment's Due Process Clause. "Because Petitioner[ ] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[ ] seek[s] to prove at [his] bond hearing[ ] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

To the extent Petitioner argues that his detention is prolonged such that it violates the Fifth Amendment's Due Process Clause as applied to him, Sosnava Rodriguez rejected a "six-month timeframe as a hard limit on pre-removal detention," submitting that the pertinent question is whether removal is practically attainable. Sosnava Rodriguez, 2026 WL 3181188, at *13 (emphasis in original). The Fifth Circuit said, however, that it "d[id] not dismiss the idea that distinct due process questions might arise" if a petitioner's "detention no longer served its immigration purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [ ] for other reasons.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring) and Banyee v. Garland, 115 F.4th 928, 934 (8th Cir. 2024)). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[ ] the duration

of their detention as unconstitutional; nor . . . assert[ ] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).

The Fifth Circuit pointed to Justice Kennedy's concurrence in Demore, and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). Justice Kennedy concurred after concluding that incarceration for other reasons was "not a proper inference . . . either from the statutory scheme itself or from the circumstances [in Demore]." Id. at 533.

In Banyee, the Eighth Circuit concluded that a detainee's year-long, pre-removal detention did not violate the Fifth Amendment's Due Process Clause where there had been no "'dilatory tactics' by either side," but "back and forth rulings, plus general administrative backlogs, were to blame for [the petitioner's] lengthy detention." Banyee, 115 F.4th at 934. Banyee said, "[n]or

is it a problem that the jail the government used also housed criminals. It takes more to turn otherwise legal detention into unconstitutional punishment." Id. (referencing Bell v. Wolfish, 441 U.S. 520, 537 (1979)).

In sum, the length of Petitioner' detention does not determine its legality. Id. at 932. "The why . . . is more important than how long." Id. Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. That Petitioner's detention is lengthened due to "general administrative backlogs" does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Singh's Petition [ECF No. 1] is hereby denied and dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Consequently, the Report and Recommendation [ECF No. 8], as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. Pursuant to Rule

58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 12th day of November, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE